**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

**- v. -**

**CHONG SIK YU, YUNSEO LEE, and**
**VALERIA RUTH HACOHEN.**

**Defendants.**

---

**20 Cr. 648 (ALC)**

**OPINION & ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

Defendant Yunseo Lee is charged in a three-count indictment for (1) conspiring to violate the Export Control Reform Act, (2) conspiring to commit mail and bank fraud, and (3) conspiring to launder money. Before the Court is her motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b). For the following reasons, the motion is denied.

## BACKGROUND

Defendants Chong Sik Yu, also known as Chris Yu ("Yu"), Yunseo Lee ("Lee"), and Valeria Ruth HaCohen ("HaCohen") allegedly conspired to export electronic components without applying for or obtaining the proper license between 2019 and 2020. Defendant Lee worked for Defendant Yu at America Techma Inc. ("ATI"), an electronics reseller and exporter based in New Jersey. *See* ECF No. 1 ¶¶ 10, 18, 20. The Government filed an indictment against Defendants Yu and Lee on December 1, 2020. ECF No. 22. The indictment contained three counts for (1) conspiring to unlawfully export electronic components in violation of the Export Control Reform Act ("ECRA"), 50 U.S.C. § 4819 and 15 C.F.R. § 736.2, (2) conspiring to commit mail and bank fraud in violation of 18 U.S.C. § 1349, and (3) conspiring to launder money in violation of 18 U.S.C. § 1956(h). *See generally* ECF No. 22.

On March 4, 2025, Defendant Lee filed her motion to dismiss the indictment. ECF No. 166. On April 22, 2025, the Government filed its opposition. ECF No. 174. Defendant Lee filed her reply on April 29, 2025. ECF No. 176. The Court heard oral arguments on June 3, 2025. *See* ECF No. 179. Defendant HaCohen has filed her own motion to dismiss the superseding indictment against her, *see* ECF No. 151, which the Court will address in a separate opinion.

## STANDARD OF REVIEW

"Before trial, a defendant 'may raise by . . . motion any defense, objection, or request that the court can determine without a trial on the merits,' including a motion alleging 'a defect in the indictment.'" *United States v. Aiyer*, 33 F.4th 97, 116 (2d Cir. 2022) (quoting Fed. R. Crim. P. 12(1), (b)(1)(B)). "A defendant seeking to challenge the sufficiency of an indictment on a motion to dismiss faces a high hurdle." *United States v. Silver*, 117 F. Supp. 3d 461, 464 (S.D.N.Y. 2015).

"Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment 'must be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Phillips*, 690 F. Supp. 3d 268, 276 (S.D.N.Y. 2023) (quoting Fed. R. Crim. P. 7(c)(1)). "An indictment is sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "Nevertheless, 'an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (quoting *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992)).

"When evaluating the sufficiency of an indictment, the court considers all allegations in the indictment to be true and does not consider any contrary assertions of fact by the defendant." *United States v. Almaleh*, No. 17 CR. 25, 2022 WL 602069, at *2 (S.D.N.Y. Feb. 28, 2022). "Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial . . . the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." *Alfonso*, 143 F.3d at 776–77.

### DISCUSSION

Defendant Lee argues that the indictment should be dismissed because (1) it fails to allege that she willfully violated the ECRA and (2) she did not engage in a conspiracy to violate the ECRA.[1] *See generally* ECF No. 167. While the latter argument requires the Court to weigh the sufficiency of the Government's evidence, the Court must initially determine the proper pleading standard to apply to the ECRA's willfulness element.

The ECRA imposes criminal penalties on a person who *willfully* violates the statute. *See* 50 U.S.C. § 4819(b). Defendant Lee argues that the ECRA's willfulness requirement subjects indictments to a higher pleading standard, one that imposes a specific requirement to allege Defendant Lee's knowledge of ATI's licensing obligations and compliance. *See* ECF No. 167 at 13–14 ("[T]he unlawful conduct hinged on whether or not ATI had the requisite license to export items on the restricted list. The Indictment fails to allege any knowledge by Ms. Lee's part that ATI did not have the required license, or any obligation on her part to know ATI's licensing when she was merely a bottom-rung salesperson."). The Government disagrees and argues that no higher pleading standard is applicable. *See* ECF No. 174 at 10 ("[B]oth indictments allege that a

---

[1] Defendant Lee argues the Court should dismiss Counts Two and Three of the indictment because the Government failed to allege her knowledge of the ECRA's licensing requirements and participation in a conspiracy to violate the statute. *See* ECF No. 167 at 20. As these issues would be included in any discussion of Defendant Lee's engagement in a conspiracy to violate the ECRA, the Court declines to separately analyze these arguments.

3

conspiracy existed to violate the ECRA by exporting components that require a license for export to Hong Kong and the PRC without such a license, and that the defendants knowingly and willfully joined that conspiracy. That is all the Indictments need to do to withstand a motion to dismiss.").

The Court finds little basis to disagree with the Government. The cases Defendant Lee cites to support her argument do not address the sufficiency of an indictment but rather whether willfulness has been satisfied at a defendant's plea allocution and trial. *See* ECF No. 167 at 13 (citing *United States v. Khazaee*, 710 F. App'x 1, 3 (2d Cir. 2017) (challenging district court's plea allocution on willful violation of the Arms Export Control Act); *United States v. Hopkins*, 53 F.3d 533, 539 (2d Cir. 1995) (challenging trial court's jury instruction on knowledge requirement)).[2] Relying on pretrial case law, the Court finds that "reciting a *mens rea* element is generally sufficient to identify for the defendant the 'core of criminality' the Government intends to prove at trial." *United States v. Murgio*, 209 F. Supp. 3d 698, 716 (S.D.N.Y. 2016) (internal quotation omitted); *see also United States v. Tarantino*, 617 F. App'x 62, 63–64 (2d Cir. 2015) (upholding indictment where it "plainly tracked the language of the relevant statute [and] contained the elements of the offense charged (including the applicable *mens rea* requirement)").

At this stage the indictment is only required to allege the elements of the charged offense. *See Stringer*, 730 F.3d at 124 (citing *Hamling*, 418 U.S. at 117); Fed. R. Crim. P. 7(c)(1). Count One of the indictment alleges that Defendant Lee "and others known and unknown, knowingly and willfully combined, conspired, confederated, and agreed together and with each other to" export "from the United States items controlled under Subchapter I of the Export Control Reform Act, to wit, electronic components, telecommunications components, and sensors, to Hong Kong

---

[2] Although these decisions do not lead the Court to conclude that the indictment is legally insufficient, the Court may revisit their importance to the jury instructions given at trial. *Cf. United States v. Silver*, 117 F. Supp. 3d 461, 465 (S.D.N.Y. 2015) (noting that Hobbs Act precedent had no impact on the court's decision to uphold the indictment, but "will shape the jury instructions that are given at trial").

and the People's Republic of China, without having first obtained a license for such export from the U. S. Department of Commerce." ECF No. 22 ¶¶ 2, 3.

These allegations track the language of the statute, properly inform Defendant Lee of the charges against her, and permit her "to plead an acquittal or conviction in bar of future prosecutions of the same offense[s]." *Hamling*, 418 U.S. at 117. "No more is required under well-established Second Circuit law." *United States v. Orsini*, No. 23-CR-402, 2024 WL 218445, at *3 (S.D.N.Y. Jan. 19, 2024) (citing *Tarantino*, 617 F. App'x at 63 (noting that *mens rea* elements are subject to the same standard)).

Any argument that the indictment remains insufficient as to either Defendant Lee's state of mind or contribution to the alleged conspiracy is not an argument about the adequacy of the allegations in the indictment, but instead an argument about the sufficiency of the evidence, which is inappropriate on a motion to dismiss unless the Government has made "a full proffer of the evidence it intends to present at trial." *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998). "The district court must give the Government an opportunity to 'make a detailed presentation of the entirety of the evidence before . . . dismissing an indictment on sufficiency grounds.'" *United States v. Wedd*, 993 F.3d 104, 121 (2d Cir. 2021) (quoting *United States v. Sampson*, 898 F.3d 270, 282 (2d Cir. 2018)); *see also United States v. Gotti*, 457 F. Supp. 2d 411, 421 n. 56 (S.D.N.Y. 2006) (collecting cases where courts addressed the sufficiency of the evidence on a pretrial motion to dismiss the indictment because the factual record was "undisputed" or "stipulated"). The complaints and indictments in this case, along with the few additional allegations raised in the Government's brief, cannot "fairly be described as a full proffer of the evidence it intends to present at trial." *Alfonso*, 143 F.3d at 776; *see also* ECF No. 174 at 11 (confirming "[the Government] has not made a full proffer of the trial proof").

Accordingly "the Court on this motion is limited to determining whether the Indictment is sufficiently precise to 'inform the defendant of the charges [s]he must meet' and contains 'enough detail that [s]he may plead double jeopardy in a future prosecution based on the same set of events.'" *United States v. Phillips*, 690 F. Supp. 3d 268, 279 (S.D.N.Y. 2023) (quoting *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992)). The Court finds that the indictment does and denies Defendant Lee's motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendant Lee's motion to dismiss the indictment is denied. The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 166.

**SO ORDERED.**

**Dated:    June 20, 2025**
        **New York, New York**

_____
        **ANDREW L. CARTER, JR.**
        **United States District Judge**